**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-5047**

UNITED STATES OF AMERICA,

                Plaintiff – Appellee,

        v.

JUSTIN CLIFFORD GAMBLE,

                Defendant – Appellant.

Appeal from the United States District Court for the District of
South Carolina, at Anderson.   Henry M. Herlong, Jr., Senior
District Judge.  (8:08-cr-00928-HMH-1)

Submitted:  April 22, 2011              Decided:  May 2, 2011

Before DUNCAN, DAVIS, and KEENAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

C.  Fredric  Marcinak,  III,  SMITH  MOORE  LEATHERWOOD,  LLP,
Greenville, South Carolina, for Appellant.  William N. Nettles,
United  States  Attorney,  Leesa  Washington,  Assistant  United
States Attorney, Greenville, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Justin Clifford Gamble pleaded guilty to possession with intent to distribute and distribution of methamphetamine, in violation of 21 U.S.C.A. § 841(a)(1), (b)(1)(C) (West 1999 & Supp. 2010) (Count Three), and possessing a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1) (Count Four). The Government dismissed Counts One and Two of the indictment. Gamble was sentenced to forty-six months' imprisonment for Count Three, the bottom of the Guidelines range, and a consecutive sixty-month sentence for Count Four, the mandatory statutory minimum.

In this appeal, Gamble first argues that his guilty plea was not knowing and voluntary. He asserts that he was instructed to plead guilty by his defense counsel and that his plea was entered under duress.

Gamble did not move to withdraw his guilty plea and we therefore review the adequacy of the plea pursuant to Fed. R. Crim. P. 11 for plain error. See United States v. Vonn, 535 U.S. 55, 58-59 (2002) (holding defendant who lets Rule 11 error pass without objection in the district court must satisfy the plain-error test); United States v. Massenburg, 564 F.3d 337, 342 (4th Cir. 2009). To establish plain error, Gamble "must show: (1) an error was made; (2) the error is plain; and (3) the error affects substantial rights." Massenburg, 564 F.3d

at 342-43.  Even if such error is found, it is within this court's discretion to notice the error, and we do so "only if the error seriously affects the fairness, integrity or public reputation of judicial proceedings."  Massenburg, 564 F.3d at 343 (internal quotation marks omitted).

We evaluate a guilty plea based on "the totality of the circumstances" surrounding the guilty plea.  United States v. Moussaoui, 591 F.3d 263, 278 (4th Cir. 2010).  A properly conducted Rule 11 colloquy creates a "strong presumption" that a plea of guilty was taken appropriately and is "final and binding."  United States v. Lambey, 974 F.2d 1389, 1394 (4th Cir. 1992) (en banc).  "Solemn declarations in open court carry a strong presumption of verity.  The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible."  Blackledge v. Allison, 431 U.S. 63, 74 (1977).

Here, Gamble has not identified any defect in the Rule 11 hearing.  While under oath, Gamble stated that his guilty plea was not the product of threats, force, or coercion. Although Gamble asserts that he did not understand his guilty plea would result in a five-year consecutive sentence for Count Four, the district specifically advised him of this fact.  We therefore conclude that Gamble's allegation that his attorney

3

coerced him into pleading guilty is incredible in the face of the record. The totality of the circumstances establishes that his guilty plea was knowingly and voluntarily entered.

Next, Gamble argues that the district court committed procedural error in sentencing him because it failed to consider its authority to impose a variance sentence and failed to make an individualized assessment.

We review a sentence for reasonableness, applying a deferential abuse-of-discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007). A district court commits procedural error when it "treat[s] the guidelines as mandatory," id., or "'fail[s] to adequately explain the chosen sentence.'" United States v. Lynn, 592 F.3d 572, 575 (4th Cir. 2010) (quoting Gall, 552 U.S. at 51). While district judges must provide in each case a particularized assessment explaining why the sentence imposed is proper, they need not "robotically tick through [18 U.S.C.] § 3553(a)'s [(2006)] every subsection." United States v. Johnson, 445 F.3d 339, 345 (4th Cir. 2006). Moreover, "when a judge decides simply to apply the Guidelines to a particular case, doing so will not necessarily require lengthy explanation." Rita v. United States, 551 U.S. 338, 356 (2007).

Here, Gamble asked the district court to take his efforts to turn his life around into account, but he did not

4

request any particular sentence. Consequently, we review for plain error Gamble's claim that the district court committed procedural error in failing to recognize its authority to impose a variance sentence. Lynn, 592 F.3d at 577. Gamble argues the district court misunderstood its authority to impose a variance statement based on the court's statement: "I'm going to give you under the guidelines the lowest sentence I can give you." Because there were no objections to the presentence report and no request for a sentence outside the Guidelines range, we conclude that the court's statement reflects its assessment of an appropriate sentence in light of an apparent agreement that Gamble's sentence should be within the Guidelines range.

We conclude that the district court adequately discharged its responsibility to explain the sentence imposed with sufficient detail to allow for meaningful appellate review. See Rita, 551 U.S. at 359. Gamble never requested a sentence outside his Guidelines range and the only argument he presented to the court at sentencing concerned his family life, his lack of criminal history, and his efforts to turn his life around. The district court credited Gamble's efforts, stating, "I am impressed that you are doing everything you can now to turn your life around." Accordingly, "the record makes clear that the sentencing judge considered the evidence and arguments," id., and concluded a sentence at the bottom of the Guidelines range

5

was proper.  Id. at 357 ("Circumstances may well make clear that the judge rests his decision upon the Commission's own reasoning that the Guidelines sentence is a proper sentence."); United States v. Hernandez, 603 F.3d 267, 271 (4th Cir. 2010).

We affirm the district court's judgment.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED